Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4183 | **DATE** | 5-25-11 |
| **CASE TITLE** | Terry Hood (#2007-0045986) v. Nurse Jefferson, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motion to dismiss [22] is denied. Defendants are directed to respond to the complaint within 21 days of the date of this order. Plaintiff's motion for filing [32] is construed as a motion to compel discovery, which the court denies without prejudice. Defendants are directed to respond to Plaintiff's discovery requests within 30 days of the date of this order. Plaintiff may again seek to compel if he does not timely receive responses. Plaintiff's motion for the appointment of counsel [29] is denied without prejudice.

■ [For further details see text below.]   *Charles R. Norgle*   Docketing to mail notices.

## STATEMENT

Plaintiff, Terry Hood, an inmate at the Cook County Jail (#2007-0045986), filed a 42 U.S.C. § 1983 action against Cook County Jail Nurse Elizabeth Jefferson, Nurse Judy Price, and Dr. Manisha Patel. Plaintiff contends that the Defendants acted with deliberate indifference to Plaintiff's need for his prescribed medication of Robaxin for a painful back condition. Currently before the court is Defendants' motion to dismiss. For the following reasons, the motion is denied, and the Defendants are directed to answer the complaint.

The Defendants contend that the instant case should be dismissed because Plaintiff has a similar case pending before it in *Hood v. Dart*, No. 09 C 357 (N.D. Ill.) (Norgle, J.). Relying on *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), the Defendants contend that Plaintiff should not be allowed to proceed with two parallel suits. Under *Colorado River*, a court may abstain its jurisdiction over a federal case to a "concurrent state proceeding" as a matter of "wise judicial administration." 424 U.S. at 818. The doctrine exists for parallel state and federal suits pending between the same parties. "The prudential doctrine is a matter of judicial economy, but the Supreme Court cautioned at the birth of this doctrine that 'the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for [other theories of] abstention.'" *Adkins v. VIM Recycling, Inc.*, __ F.3d __, 2011 WL 1642860, *12 (7th Cir. May 3, 2011) (quoting *Colorado River*, 424 U.S. at 818).

For several reasons, *Colorado River* does not apply to Plaintiff's cases. First, the situation in *Colorado River* involved parallel state and federal suits, not two federal suits before the same court. Although "the general principle is to avoid duplicative litigation," which could be applied to two similar suits in federal court, the Court stated that "no precise rule has evolved" for two federal suits. *Colorado River*, 424 U.S. at 817. It is thus not clear if *Colorado River* applies to two federal suits.
**(CONTINUED)**

isk

## STATEMENT (continued)

Second, even if *Colorado River* applies to two federal suits, the premise behind its abstention doctrine is that there are two parallel suits. "[S]uits are parallel for *Colorado River* purposes when 'substantially the same parties are contemporaneously litigating substantially the same issues.'" *Adkins*, 2011 WL 1642860 at *13 (citation omitted). "Precisely formal symmetry is unnecessary. A court should examine 'whether the suits involve the same parties, arise out of the same facts and raise similar factual and legal issues.'" *Id.* The question to be asked is whether there is a "'substantial likelihood that the state litigation will dispose of all claims presented in the federal case.'" *Id.* (quoting *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004)). "Any doubt regarding the parallel nature of the... suit[s] should be resolved in favor of exercising jurisdiction." *Adkins*, 2011 WL 1642860 at *13.

The instant suit names as Defendants Dr. Patel and Nurses Jefferson and Price, and involves Plaintiff's requests to receive Robaxin for a painful back condition. Plaintiff asserts that, when he entered the Cook County Jail in 2007, he had a list of medications he was taking, which included psychiatric medications as well as Robaxin. (Complaint at 4.) On March 28, 2010, Plaintiff gave Nurses Jefferson and Price medical request forms seeking to see Dr. Patel. In April 2010, Plaintiff submitted a grievance, which was converted into a medical request form. (*Id.*) Plaintiff states in his response to the motion to dismiss that his claims against Price and Jefferson are that they failed to provide him with his prescribed medication for pain and then ignored his complaints about not getting his medication. (R. 31, Pl.'s Response at 2.)

Plaintiff's other suit, (case no. 09 C 357), names as Defendants Dr. Maria Maynett, Ernine Lazand, and Salvador Godinez. Plaintiff asserts that he was taking several psychotropic medications when he entered the jail in 2007, that the Defendants failed to provide him with his medications, and that they discontinued his psychotropic medications. (R. 22-1, Exh. 2, Copy of 09 C 357 Complaint at ¶¶ 11-14.) Although one of Plaintiff's assertions is in general terms without specifying whether he was unable to obtain his psychotropic or pain medication ("Defendants refused to provide Plaintifff with the prescription medicines he had been taking") (*id.* at ¶ 13), it appears clear from the complaint that Plaintiff seeks compensation for certain jail employees not providing him with his psychiatric medications. (*Id.* at ¶¶ 11-14.)

Plaintiff's two suits thus involve different Defendants and different claims of not being able to obtain his medications. Although the claims may overlap with respect to discovery, this court cannot conclude that there is a "substantial likelihood that the [09 C 357] litigation will dispose of all claims presented in th[is] case." *Adkins*, 2011 WL 1642860 at *13 (internal quotation and citation omitted). If the two cases contain common issues of fact or law or will involve common discovery issues, the parties may seek to consolidate the cases under Fed. R. Civ. P. 42(a) and N.D. Ill. Local Rule 40.4. While the court may consider consolidating the cases, it cannot dismiss or abstain its jurisdiction over the instant case in favor of Plaintiff's other case. The court also notes that the records of the two cases do not indicate that consolidation is appropriate, given that it is not clear that the cases will involve common issues of fact and discovery.

Accordingly, for the reasons stated above, the Defendants' motion to dismiss based upon the *Colorado River* abstention doctrine is denied. They are directed to answer the complaint within 21 days of the date of this order. The parties may seek to consolidate Plaintiff's cases, or Plaintiff may seek to submit an amended complaint in one suit that alleges claims common to both cases and seek a voluntary dismissal of the other suit.

Plaintiff's motion for the appointment of counsel is denied without prejudice. This case does not currently involve complex issues of discovery or an evidentiary hearing, and Plaintiff's pleadings indicate that he is competent to represent himself at this time. *See Pruitt v. Mote*, 503 F.3d 647, 656-59 (7th Cir. 2007). Additionally, Plaintiff's motion seeking to compel discovery is denied without prejudice to Plaintiff demonstrating that he forwarded discovery requests to the Defendants and that they failed to respond.