

# IN THE
# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

TERRY HOOD (A-73193), )
)
    Plaintiff, )
)
v. )
) Case No. 10 C 4183
)
NURSE JEFFERSON, NURSE PRICE, ) Judge Charles R. Norgle
and DR. PATEL, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Terry Hood, currently an inmate at the Shawnee Correctional Center, filed this 42 U.S.C. § 1983 action in 2011 while he was incarcerated at the Cook County Jail. He names as Defendants Dr. Manisha Patel, Nurse Elizabeth Jefferson, and Nurse Judy Price ("Defendants"). Plaintiff alleges that the Defendants acted with deliberate indifference to his need for his prescribed medication of Robaxin for a painful lower back condition.[1] Currently before this Court is Defendants' motion for summary judgment. Although Plaintiff requested and was granted an extension of time to respond, he has not done so. Considering Defendants' motion without the benefit of a response and for the reasons stated herein, the Court grants the summary judgment motion.

---

[1] Plaintiff's complaint also states that he was taking psychiatric medication for schizophrenia, bi-polar disorder, and suicidal ideation. (Compl at 5.) Plaintiff's claims about his psychiatric care at Cook County Jail are the subject of his other suit pending before this court, Hood v. Dart, No. 09 C 357. The claims against Dr. Patel, Nurse Jefferson, and Nurse Price in the instant suit involve only his claims about receiving medication for his lower back pain.

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When determining whether factual issues exist, a court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Universities Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). A court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009), *citing Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986).

Rule 56(a), however, "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. If the moving party meets its burden of showing that there are no issues of material fact and that she is entitled to a judgment as a mater of law, the non-moving party must "go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact." *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted); *Celotex*, 477 U.S. at 322-26. "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010), *quoting Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008).

When addressing a summary judgment motion, this Court derives the background facts from the parties' Local Rule 56.1 Statements, which assist the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). Because Plaintiff is proceeding *pro se*, the Defendants served him with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" as required by N.D. Ill. Local Rule 56.2. (R. 49.) The notice explains the consequences of failing to properly respond to a motion for summary judgment and to the undisputed material facts in the movant's Local Rule 56.1 Statement. (*Id.*) A litigant's failure to respond to a statement of fact in a Local Rule 56.1 Statement results in the uncontroverted statement being considered admitted. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006).

In the present case, the Defendants filed a Rule 56.1 Statement, (R. 50.), and forwarded a Rule 56.2 Notice to Plaintiff. (R. 49.) Plaintiff has not responded to either the summary judgment motion or Defendants' Rule 56.1 Statement, even though he requested and was granted an extension of time to do so. This Court will thus consider Defendants' summary judgment motion without the benefit of a response and will consider their Rule 56.1 statements admitted, to the extent they are supported by the record. *Raymond*, 442 F.3d at 608. With these standards in mind, the Court considers the evidence of this case.

## FACTS

Plaintiff was incarcerated at the Cook County Jail between June 2007 and October 2011. (R. 50, Defs.' Rule 56.1 Statement at ¶¶ 1-2.) Elizabeth Jefferson and Judy Price were employed as

nurses at Cermak Health Services, the health care provider for Cook County Jail inmates. (*Id.* at ¶¶ 3, 4, 6.) Dr. Manisha Patel was employed as a physician at Cermak during that time. (*Id.* at ¶ 5.)

Plaintiff entered the jail in 2007 with prescriptions for Robaxin for his back and Seraquin for his psychiatric conditions of schizophrenia, bi-polar disorder, and suicidal ideation. (*Id.* at ¶¶ 9, 10.) With respect to his back, he states that he suffered a slipped disc from a stabbing incident in the 1980s. (*Id.* at ¶ 9.) He regularly saw Dr. Patel and a psychiatric physician about every four to eight weeks about his medications. (*Id.* at ¶¶ 13-15.)

On March 28, 2010, Plaintiff requested a refill of Robaxin. (*Id.* at ¶ 11.) Plaintiff had a scheduled Sick Call appointment on April 19, 2010, which he missed because he was in court. (*Id.* at ¶ 28.) On April 21, 2010, Plaintiff filed a grievance stating that his prescription for Robaxin had not been filled since his medical request from March 28, 2010. (*Id.* at ¶¶ 17-18.) A response to a grievance he filed on April 28, 2012, stated that his prescription had run out on March 10, 2010, and was renewed on May 13, 2010. (*Id.* at ¶ 18.) On May 13, 2010, Plaintiff had an appointment with Dr. Patel. (*Id.* at ¶ 29.) Plaintiff walked to the appointment. Dr. Patel noted that Plaintiff complained about his medication running out; she diagnosed that Plaintiff continued to suffer chronic back pain and disc disease; and she renewed his prescriptions for Robaxin and Naproxin. (*Id.*) Based upon Dr. Patel's assessment and experience, she did not consider Plaintiff's back condition as serious, and she neither increased the dosage of his medications nor referred him to see a specialist. (*Id.* at ¶ 30.) Dr. Patel directed Plaintiff to return for his next scheduled appointment on August 5, 2010, or return to Sick Call in 10 to 12 weeks. She further directed him to continue his self-physical therapy. (*Id.*)

Plaintiff missed his August 5, 2010, again because he was in court. (*Id.* at ¶ 31.) Plaintiff was seen on August 20, 2010, for his asthma condition and for renewal of his Naproxen and Robaxin medications. (*Id.* at ¶ 32.)

Plaintiff allegedly went four to six weeks without Robaxin in March and April 2010. (*Id.* at ¶ 12.) Although he states that he suffered lower back pain during that period of time, he was able to walk and could lie down in certain positions. (*Id.* at ¶ 12.)

In June and July 2010, Plaintiff filed grievances seeking compensation for his back pain. He complained that he received inadequate medical care from Nurses Price and Jefferson. (*Id.* at ¶¶ 19-21.) In his deposition, Plaintiff described Price and Jefferson as "flippant," "unprofessional," and having bad attitudes. (*Id.* at ¶ 16.)

## DISCUSSION

A claim of deliberate indifference to a serious medical consists of both objective and subjective elements, and a plaintiff must be able to demonstrate: "1) an objectively serious medical condition; and 2) an official"s deliberate indifference to that condition," i.e. that the defendant was actually aware of the substantial risk of harm but disregarded it. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011); *see also Munson v. Gaetz*, 673 F.3d 630, 637 (7th Cir. 2012) ("deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain") (internal quotation marks and citation omitted). Defendants contend that the evidence demonstrates both that Plaintiff's back condition was not a serious one and that the Defendants did not act with deliberate indifference to the condition. The Court agrees.

"A prisoner's medical need is 'serious' where the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Hayes v. Snyder* 546 F.3d 516, 522 (7th Cir. 2008), citing *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The Seventh Circuit has stated that a serious medical need exists for "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Hayes*, 546 F.3d at 522-23.

Constant back pain from arthritis and degenerative joint disease has been considered a serious medical condition. *Vinning v. Feinerman*, No. 3:08-CV-405, 2011 WL 2461843 at *4-5 (S.D. Ill. May 24, 2011) (Williams, M.J.). However, back pain prompting requests for "simple Ibuprofen and similar over-the-counter medications" has not been considered a serious medical condition. *Watson-El v. Wilson*, No. 08 C 7036, 2010 WL 3732127, 13 (N.D. Ill. Sept. 15, 2010) (Holderman, J.), quoting *Guarneri v. Hazzard*, No. 9:06-CV-985, 2010 WL 1064330 at *15 (N.D.N.Y. Mar. 22, 2010) (Mordue, J.).

In the present case, although there is evidence that Plaintiff suffered a back injury from a stabbing in the 1980s, for which he regularly took Robaxin and saw a physician every six to eight weeks, his physician at the jail "did not qualify [his] medical needs as serious." (R. 51-3, Dr. Patel's Aff. at ¶ 8.) Dr. Patel saw no need to "increase the prescribed dosage" or to refer Plaintiff to a specialist or for emergency care at a hospital. (*Id.*) Furthermore, although Plaintiff stated that he experienced pain in his lower back during the time he was without his Robaxin medication and had trouble sitting, he also stated that he was able to walk and lie down in certain positions. (R. 51-1, Pl.'s Depo. at 19-20.) His condition was thus fairly mild, for which his medications were relatively

minor. *See Scott v. Perio*, No. 02-CV-578, 2005 WL 711884 at *2 (W.D.N.Y. March 25, 2005) (Acara, J.) (prescribing Robaxin and Ibuprofen characterized as a conservative treatment). The summary judgment evidence thus demonstrates that, at least for the time period relevant for this case, Plaintiff's back condition was not a serious one.

Even if his back condition was serious, Plaintiff cannot establish deliberate indifference. The record indicates that he complained that he ran of out his Robaxin medication at the end of March 2010. (R. 51, Defs.' Rule 56.1 Statement ¶ 11.) Plaintiff was scheduled for a Sick Call appointment on April 19, 2010, which he missed because he was in court. (*Id.* at ¶ 28.) Plaintiff saw Dr. Patel on May 13, 2012. (*Id.* at ¶ 29.) Dr. Patel examined Plaintiff, determined that his condition was not serious, renewed his prescriptions, and told Plaintiff to seek a Sick Call appointment in 10 to 12 weeks. (*Id.* at ¶ 30.) Plaintiff missed his next appointment on August 5, 2010, again because he was in court, but was seen at Cermak two weeks later on August 20, 2010. (*Id.* at ¶¶ 31-32.)

The record thus shows that Plaintiff was scheduled for appointments for his back condition within a reasonable amount of time after he complained; that such appointments were missed because of court dates; and that appointments were rescheduled to occur within two to three weeks of the missed appointment. Given the non-serious nature of Plaintiff's condition as described above, no reasonable juror could conclude that such delays, which appear to be the fault of nothing more than scheduling conflicts with court dates, constitute an "unnecessary and wanton infliction of pain." *Munson*, 673 F.3d at 637.

## CONCLUSION

For the reasons stated herein, the Court grants Defendants' motion for summary judgment [R. 48]. The clerk is directed to enter a judgment in favor of the Defendants pursuant to Fed. R. Civ. P. 56. This case is terminated.

ENTER: _____
Charles R. Norgle
United States District Court Judge

DATE: 8/10/17